STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0687** (Raleigh County CC-41-2017-F-238)

**David Tackett,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David Tackett, by counsel Robert F. Evans, appeals the Circuit Court of Raleigh County's August 6, 2020, order sentencing him to life imprisonment with parole eligibility after fifteen years. Respondent the State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 30, 2013, petitioner broke into the home of a ten-year-old child and her mother. The child awoke to petitioner pulling off her pajamas and underwear, at which time he told the child that he would kill her if she screamed. Petitioner licked and inserted his finger into the child's vagina. He was caught by law enforcement when they were investigating a string of burglaries in the area. In May of 2017, he was indicted by a grand jury of one count of nighttime burglary, two counts of first-degree sexual assault, and one count of mandatory sentence for person committing certain sex offenses against children.

Petitioner pled guilty to all of the crimes charged. At the conclusion of the plea hearing, the circuit court entered its "Guilty Plea and Order Sentencing Defendant to Life Imprisonment Pursuant to W.Va. Code § 61-11-18(c)" on August 27, 2018. In that order, the circuit court found that petitioner admitted under oath that at the time he committed the offenses, the victim was under the age of twelve years and petitioner was over the age of twenty-one years; it also found that petitioner employed forcible compulsion in the commission of these felonies.

According to that order, the court advised petitioner that the State had filed an information on his former convictions under the recidivist statutes.[1] Petitioner admitted that he is the same David Tackett who was previously convicted and sentenced as set forth in that information, including three prior felony convictions and sentences upon such felonies of violence against the person of another and that he had no defense to any such convictions and sentences, all of which became final prior to petitioner's commission of the felony crimes of violence against the person set forth in Raleigh County Indictment No. 17-F-238-H, for which he was convicted at that time. Petitioner moved to waive a presentence investigation and proceed to sentencing. The circuit court sentenced petitioner to a term of life imprisonment in the penitentiary, eligible for parole after fifteen years. The court further ordered that if petitioner is released from custody, he is sentenced to fifty years of extended post-release supervision. Petitioner was also ordered to register as a sex offender for life. Petitioner was resentenced for purposes of appeal by order entered August 6, 2020. Petitioner appeals from that order.

As we have long held, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). Further, this Court has held that it "'reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in relevant part, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). Under West Virginia Rule of Criminal Procedure 35(a), "[t]he court may correct an illegal sentence at any time . . . ."

Petitioner's sole assignment of error is that his single recidivist life sentence for three simultaneous felony convictions is illegal.[2] In support of that contention, petitioner argues that

> "while most illegal sentences are struck down for excess, so too can a sentence be illegal for failing to meet the statutory minimum punishment." *State v. Hubbard*, No. 11-0690, 2012 WL 2892350, at *3 (W.Va. Feb. 13, 2012) (memorandum decision). Clearly, the sentences imposed are illegal ones because they do not fall within the parameters of the applicable statute. Accordingly, we vacate petitioners' sentences and remand this case to the circuit court for re-sentencing in conformity with the applicable statute.

---

[1] The information alleged that petitioner had been convicted of burglary and battery (1997), third-offense driving under the influence (2006), and burglary (2009).

[2] On appeal, petitioner also sets forth argument related to two additional issues: a) the State induced petitioner's guilty plea by offering him, as well as recommending to the lower court, an illegal sentence; and b) even if the State did not induce petitioner's guilty plea by an unfulfillable promise, he cannot be resentenced because no one informed him of the proper sentence before he waived his constitutional rights and entered the guilty plea. To the extent those issues exceed the scope of petitioner's single assignment of error, this Court declines to consider them.

*State v. Bone*, Nos. 17-0754 and 17-0801, 2018 WL 6015815, at *8 (W. Va. Nov. 16, 2018) (memorandum decision).

The State asserts that petitioner's argument is incorrect because the parole statute plainly establishes that "an inmate sentenced for life who has been previously twice convicted of a felony may not be paroled until he or she has served fifteen years . . . ." W. Va. Code § 62-12-13(c). The State further asserts that because petitioner was convicted of felonies involving violence in 1997, 2006, and 2009, in addition to the 2013 offenses, he falls squarely within the recidivist statute. We agree. Due to the fact that petitioner's sentence is in compliance with the recidivist and parole statutes and petitioner does not allege that the circuit court based his sentence on an impermissible factor, his sentence is not subject to appellate review. We, therefore, affirm the circuit court's original sentencing order and its order resentencing petitioner for purposes of appeal.

Affirmed.

**ISSUED:** January 18, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

**DISQUALIFIED:**

Chief Justice John A. Hutchison